1 Jeffrey I. Hasson
Attorney at Law
2 Davenport & Hasson, LLP
12707 NE. Halsey Street
3 Portland, OR 97230
Phone: (503) 255-5352
4 Facsimile No.: (503) 255-6124
E-Mail: hasson@dhlaw.biz
5 Washington State Bar No. 23741
Attorney for Defendant Progressive Financial Services, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| TERRI COONES, | Case No.: CV-09-275-LRS |
|---|---|
| Plaintiff, | MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EXPEDITED HEARING TO ORDER TO COMPEL PRODUCTION OF REDACTED PORTION OF ENGAGEMENT AGREEMENT AND FOR IN CAMERA REVIEW OF ENGAGEMENT AGREEMENT |
| vs. | |
| PROGRESSIVE FINANCIAL SERVICES, INC., | |
| Defendant. | |

On or about 10/21/09, Plaintiff accepted the following offer:

    Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Progressive Financial Services, Inc. ("PFS"), by counsel, hereby offers to allow judgment to be taken against it in favor of Terri Coones ("Coones"), on the following terms:

    JUDGMENT IS HEREBY ENTERED AS FOLLOWS:

    1.    PFS shall pay to Coones the sum total of $1,001.00;

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR EXPEDITED HEARING TO ORDER TO
COMPEL PRODUCTION - 1
Case No. CV-09-275-LRS

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

      2.    PFS shall pay Coones's reasonable costs and reasonable attorney's fees now accrued in connection with the above-referenced action as to PFS and PFS's current and former employees; said fees and costs are to be in an amount as agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion;

      3.    This judgment is a compromise of a disputed claim and is not to be deemed an admission of fault or liability on the part of PFS or any of PFS's current or former employees. This judgment is in total resolution of any and all claims and allegations by Coones against, implicating or involving PFS and its current and former employees, owners, and agents;

      4.    This judgment shall act to dismiss with prejudice all claims of Coones as to PFS and PFS's current and former employees.

The only judgment that can be entered is a Judgment of dismissal with prejudice.

PFS' position was that prior to submission of a motion to court, Coones should provide Coones' attorneys time records in support of Coones' attorney's request for attorney fees so the parties can determine if they are unable to agree.

PFS requested the time records shortly after acceptance.

On November 4, 2009, Coones' attorney stated "We are processing and will send to you to consider ***prior*** to submitting our bills as part of any application for approval of fees."

In response, on November 4, 2009, PFS' attorney pledged a prompt review and turnaround from when the time records are received.

On November 13, 2009, Coones' attorney's office informed PFS' attorney that Coones' attorney refuses to supply Coones' attorneys' time records. Coones'

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR EXPEDITED HEARING TO ORDER TO
COMPEL PRODUCTION - 2
Case No. CV-09-275-LRS

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

attorney states that Coones' attorney will supply the time records after judgment is entered.  Coones' attorney's position is that the November 4, 2009 communication was intended to state that Coones' attorney would not supply the time records until after judgment was entered.

On November 16, 2009, PFS had a subpoena served on Coones' attorney for the appropriate records, and the engagement agreement, and requested a response on or before November 30, 2009.  [Doc. 10].

On or about November 21, 2009, PFS paid Coones the $1,001 referred to in Paragraph 1 of the Rule 68 offer.

On November 25, 2009, at the status conference, the subpoena response date was extended to December 7, 2009.  Also, the Court refused Coones' attorney's request to quash the subpoena at the same conference.

On December 7, 2009, Coones' attorney supplied a redacted engagement agreement, and time records.

Those records were promptly reviewed by PFS, and the parties reached an impasse on what were reasonable attorney fees and costs.

One of the factors used to determine lodestar reasonable attorney fees on a petition for attorney fees is the agreement between the parties.  If the agreement is contingent, the reasonable amount of attorney fees may be affected.  If the agreement is hourly, it may be affected.

RPC 1.6 (a) states "A lawyer shall not reveal information relating to the representation of a client…" with certain exceptions.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EXPEDITED HEARING TO ORDER TO COMPEL PRODUCTION - 3
Case No. CV-09-275-LRS

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

One of the exceptions is that "A lawyer to the extent the lawyer reasonably believes necessary: … may reveal information relating to the representation of a client … to respond to allegations in any proceeding concerning the lawyer's representation of the client; and may reveal information relating to the representation of a client to comply with a court order. …" RPC 1.6(b)(5-6).

The information related to the fee arrangement is not privileged. See <u>State v. Sheppard</u>, 52 Wn. App. 707, 763 P.2d 1232 (1988) and <u>Seventh Elect Church In Israel v. Rogers</u>, 102 Wn.2d 527, 688 P.2d 506 (1984). Coones' attorney has redacted nearly all the section entitled "Attorney Fees Explanation". This portion does not seem to be protected by privilege as it is not "information relating to the representation of a client …"

The portion related to "Court Costs" is also mostly redacted. This is not protected.

Since the other portions are redacted, it is hard to determine which portions are privileged communications.

The Court should review in camera the agreement, and determine which portions are privileged, and the remaining portions of the agreement should be revealed to PFS.

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR EXPEDITED HEARING TO ORDER TO
COMPEL PRODUCTION - 4
Case No. CV-09-275-LRS

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  The Court should further award PFS attorney fees for this expedited motion
2  based on the bad faith redactions.
3  DATED: <u>December 9, 2009</u>

DAVENPORT & HASSON, LLP

<u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, WSBA#23741
Counsel for Defendant

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR EXPEDITED HEARING TO ORDER TO
COMPEL PRODUCTION - 5
Case No. CV-09-275-LRS

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124