UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
TERRI COONES,                    )
                                 )   NO. CV-09-0275-LRS
              Plaintiff,         )
                                 )   MEMORANDUM AND ORDER
     v.                          )
                                 )
PROGRESSIVE FINANCIAL SERVICE,   )
INC.,                            )
                                 )
              Defendant.         )
_____)
```

At the request of the parties, the Court participated in a joint telephone conference beginning at 3:15 p.m. on Wednesday, December 16, 2009, for the purpose of resolving attorney-client disclosure issues. The dispute arose incident to calculation of a reasonable attorney fee claimed to be due and owing plaintiff as part of an offer of settlement prior hereto. At the Court's request, the attorney-client engagement letter has been submitted for in camera review. The defendant asserts that the letter is not protected by the attorney-client privilege and wants to review its contents in deciding what a reasonable fee would be in this case.

The 9th Circuit case of Clarke v. American Commerce National Bank, 974 F.2d 127 (1992) provides a summary of the basic legal principles which are applicable:

> Issues concerning application of the attorney-
> client privilege in the adjudication of

MEMORANDUM AND ORDER - 1

federal law are governed by federal common law. See United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989); United States v. Hodge and Zweig, 548 F.2d 1347, 1353 (9th Cir.1977); Fed.R.Evid. 501. Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); United States v. Hirsch, 803 F.2d 493, 496 (9th Cir.1986). Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney. Fisher, 425 U.S. at 403, 96 S.Ct. at 156; Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988).

Not all communications between attorney and client are privileged. Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. See, e.g., Tornay, 840 F.2d at 1426; In re Grand Jury Witness (Salas and Waxman), 695 F.2d 359, 361-62 (9th Cir.1982); Hodge and Zweig, 548 F.2d at 1353; United States v. Cromer, 483 F.2d 99, 101-02 (9th Cir.1973). However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege. Salas, 695 F.2d at 362. The burden of establishing that the attorney-client privilege applies to the documents in question rests with the party asserting the privilege. Tornay, 840 F.2d at 1426.

With the foregoing in mind, the Court reviewed the four page letter which is the subject of the dispute between the parties to determine those portions which are relevant and not otherwise subject to the claim of privilege. To the extent that motive,

MEMORANDUM AND ORDER - 2

litigation strategy, or the specific nature of the services provided were discussed, the intent of the Court in conducting its review was to omit communications which fall within these general classifications. Attached hereto is a copy of the letter disclosing information which, in the mind of the Court, relate to calculation of reasonable attorney fees.

Other motions presently pending herein will be held in abeyance on the assumption that resolution of the remaining issues in this matter will go forward without the necessity of further Court intervention. However, the parties are hereby directed to advise the Court in writing of the status of this case no later than Monday, January 11, 2010.

It is so ordered. The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 23rd day of December, 2009.

s/Lonny R. Suko
_____
LONNY R. SUKO
Chief U.S. District Court Judge

MEMORANDUM AND ORDER - 3

# WEISBERG & MEYERS, LLC
## ATTORNEYS FOR CONSUMERS
3877 N. DEER LAKE RD.
LOON LAKE, WA 99148
509-232-1882
866-775-3666 (TOLL FREE)
866-565-1327 FACSIMILE
WWW.ATTORNEYSFORCONSUMERS.COM

EXTENSION: 217
E-MAIL: JROBBINS@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
WASHINGTON; CALIFORNIA

August 3, 2009

### PRIVILEGED AND CONFIDENTIAL

Ms. Terri Coones
29 E 6th Ave
Spokane WA 99202

Re:  CONTRACT FOR LEGAL REPRESENTATION,
     Terri Coones v. Progressive Financial Services, Inc.

Dear Ms. Coones:

Please allow this letter to memorialize that you engaged our Firm to represent you regarding your claims of improper debt collection practices. Based upon the information you provided, we believe that you have a valid claim under the Fair Debt Collection Practices Acts and/or state law. We intend to attempt to resolve this matter without the need for litigation. However, if ignored we will file a lawsuit on your behalf for these violations against the debt collection agency that has pursued and harassed you.

### EXPLANATION OF ATTORNEY'S FEES

Lawyers and litigation are very expensive endeavors. So that you are provided access to the legal system at no out of pocket cost, our Firm utilizes statutes that contain "fee shifting" provisions which provide upon the successful resolution of your dispute, the defendant must pay the reasonable attorneys' fees incurred in the prosecution of your case. These attorneys' fees are calculated by multiplying the time spent representing you by the various hourly rates of our attorneys ($175/hr associates; $250/hr managing attorneys; $265/hr senior partners), support staff ($80/hr legal assistants; $100/hr law school clerks; $120/hr paralegals), and retained expert consultants ($150/hr, if applicable to your case). These rates are subject to increase by as much as $50 a year.

If you lose your case, you cannot require the defendant to pay your attorney fees. In this instance, we will not send you a bill for the time spent and you will not owe us any attorney fees. Accordingly, by preliminarily accepting your case we are indicating to you that we believe strongly in the merits of your potential case based on the information you have provided to date.

WE DO NOT TAKE ANY PERCENTAGE OF YOUR RECOVERY. We realize that many lawyers take one third (1/3) of their clients' recovery. We will not do this as we are representing you purely on an hourly rate basis.

SETTLEMENT OFFERS

Please be advised that although we request you accept or reject an offer that doesn't pay your full reasonable fees, the decision to accept or reject any offer is completely yours. Therefore, should you decide to voluntarily accept an offer that doesn't provide for your full reasonable attorney fees, we will ask you to be personally responsible for the remainder of the fees incurred (which we will agree to reasonably reduce). Our reason for this is because we are asking nothing for our services other than your consideration, and we need that consideration to be able to continue to help consumers like you.

In sum, the only way you may have to pay your attorneys fees out of your pocket is if you treat us unfairly, take advantage of our representation, or intentionally act to the detriment of your case. What we mean by this is the following:

(1) you terminate our services during the pendency of the case or you fail to continue with the pursuit and ultimate resolution of your case, or;
(2) you accept a settlement from the defendant that does not fully pay the fees incurred.

## COURT COSTS

There is a difference between "attorneys' fees" and "court costs." Attorneys' fees are the hours expended litigating your case as explained above. Court costs are monies paid on your behalf for expenses associated with filing your claim. We have agreed that you will remain responsible only for these court costs which **we have agreed to defer until the resolution of your case and to deduct them from your settlement and accordingly, you will not have to ever pay them out of pocket.** These costs may include: 1) the court cost for filing your complaint; 2) the fee to serve the defendants; 3) the cost to issue and serve subpoenas; 4) jury fees (only if your case goes to trial); 5) transcript fees; 6) research fees; 7) mediation fees; 8) mail and fax charges, 9) travel costs, including tolls, parking, and mileage, 10) expert witness charges, and 11) any other amounts paid to third parties on your behalf during the course of litigation. Further, <u>and if your claim is unsuccessful, we will waive these costs in their entirety</u>. The cost of filing a lawsuit in the United States District Courts (where we will likely file) is $350.00 depending on the court of jurisdiction and may include service of summons charges which usually do not exceed $65.00. The only *cost* that you *may have to pay* during the pendency of your claim is for accessing your own credit reports if requested by us.

Best regards,

Jon N. Robbins
Attorney at Law

JNR/js