Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TERRI COONES**, | Case No. 2:09-cv-00275-LRS |
| Plaintiff, | **PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF ORDER OF DISMISSAL, AND MOTION FOR ENTRY OF JUDGMENT; SUPPORTING MEMORANDUM AND DECLARATION OF JON N. ROBBINS.** |
| vs. | |
| **PROGRESSIVE FINANCIAL SERVICES, INC.**, | |
| Defendant. | |

**NOTICE IS HEREBY GIVEN** that, Plaintiff Terri Coones has filed with the Clerk of the United States District Court, Eastern District of Washington, Plaintiff's Amended Response to Defendant's Motion for entry of Order of Dismissal, and Motion for Entry of Judgment, supporting memorandum and declaration of Jon N. Robbins, a copy of which is herewith served upon you.

Respectfully submitted this 4th day of January, 2010.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Plaintiff's Amended Response to Motion for Entry of Dismissal,
Motion for Entry of Judgment - 1

Filed electronically on this 4th day of January, 2010, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system on this 4th day of January, 2010, to:

Mr. Jeffery I. Hasson, Esq.
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland OR 97230

<u>s/Tremain Davis</u>
Tremain Davis

Plaintiff's Amended Response to Motion for Entry of Dismissal,
Motion for Entry of Judgment - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TERRI COONES**, | ) Case No. 2:09-cv-00275-LRS |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S AMENDED** |
| | ) **RESPONSE TO DEFENDANT'S** |
| vs. | ) **MOTION FOR ENTRY OF ORDER** |
| | ) **OF DISMISSAL, AND MOTION** |
| **PROGRESSIVE FINANCIAL** | ) **FOR ENTRY OF JUDGMENT;** |
| **SERVICES, INC.**, | ) **SUPPORTING MEMORANDUM** |
| | ) **AND DECLARATION OF JON N.** |
| Defendant. | ) **ROBBINS** |
| | ) |

## I. STATEMENT OF FACTS.

On September 1, 2009 Plaintiff filed her two-count complaint against Defendant alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Washington Collection Agency Act ("WCAA") RCWA T.19 Ch. 19.16. On October 16, 2009 Defendant served upon Plaintiff an offer of judgment pursuant to Federal Rule of Civil Procedure

68.  (See Defendant's Offer of Judgment, attached hereto as Exhibit "A"). Defendant's offer of judgment reads in part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Progressive Financial Services, Inc. ("PFS"), by counsel, **hereby offers to allow judgment to be taken against it** in favor of Terri Coones ("Coones"), on the following terms:

(See Exhibit "A") (emphasis added).

On October 21, 2009, Plaintiff properly filed with the court, and served upon Defendant, her Acceptance of Offer of Judgment. (See Acceptance of Offer of Judgment, attached hereto as Exhibit "B"). On or about November 21, 2009 Plaintiff received from Defendant a check payable to Weisberg & Meyers, LLC in the amount of $1,001.00, with a letter stating:

> I have enclosed a check (No. 112246) in the amount of $1,001.00 made payable to your firm and your client, Terry Coones **in payment of the offer of judgment accepted** in the above-referenced case.

(See November 17, 2009 Correspondence, attached hereto as Exhibit "C").

This Court has yet to enter final judgment in favor of Plaintiff and against Defendant in this matter.

On December 9, 2009, Defendant filed its Motion for Entry of Order of Dismissal, requesting that this Court to dismiss the instant matter on the basis that Defendant has paid to Plaintiff the amount offered through its Offer of Judgment. In support of its motion, Defendant simply notes: "A judgment against Defendant

Plaintiff's Amended Response to Motion for Entry of Dismissal,
Motion for Entry of Judgment - 4

cannot be entered since Defendant has paid the amount offered except for the undetermined costs and fees." (See Defendant's Memorandum in Support of Motion for Entry of Order of Dismiss at 2). Plaintiff now files her Response to Defendant's Motion For Entry of Order of Dismissal, and Motion for Entry of Judgment.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **II. THE PLAIN LANGUAGE OF RULE 68 REQUIRES ENTRY OF JUDGMENT AGAINST DEFENDANT, NOT DISMISSAL.**

Federal Rules of Civil Procedure, Rule 68(a) reads:

> (a) Making an Offer; **Judgment on an Accepted Offer**. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. **If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.**

Fed. R. Civ. P. 68(a).

In determining the meaning of a statute, words must be taken in their usual, normal, or customary meaning. The general rule of construction prefers the ordinary meanings of statutory terms, and if the words chosen by the legislature are clear and unambiguous within the context of the statute in question, they are to be given their plain and ordinary meanings. *See Johnson v. U.S.*, 529 U.S. 694 (2000). The plain language of Rule 68(a) requires that the clerk **must** enter

**judgment, not a simple dismissal.** *See* Fed. R. Civ. P. 68. To interpret the statutory language otherwise strains the construction of the Rule.

### III. THE ENTRY OF JUDGMENT UPON ACCEPTANCE OF A RULE 68 OFFER IS NOT DISCRETIONARY.

The parties have complied fully with the stated procedures detailed in Rule 68(a): Defendant filed and served its Offer of Judgment on October 16, 2009, and Plaintiff timely accepted and filed a Notice of Acceptance of Offer of Judgment on October 21, 2009. The clerk "**must** then enter **judgment**." To date, no judgment has been entered in this case.

Rule 68(a) is considered "self-executing," and the clerk has no discretion not to enter judgment. "[E]ntry of judgment in favor of the Plaintiff is mandatory, if, as in this case, the conditions specified in Rule 68(a) are satisfied." *Halpape v. TIAA-CREF Individual & Institutional Services, LLC*, 2009 WL 2883389 (D. Colo., Sept. 3, 2009) (Slip Copy), citing *Ramming v. Natural Gas Pipeline Co. of Am.,* 390 F. 3d 366, 370 (5th Cir. 2004) ("If the plaintiff accepts the offer…[t]he court generally has no discretion whether or not to enter the judgment. A Rule 68 Offer of Judgment is usually considered self-executing.").

The court in *Halpape* explained:

> Here, plaintiff timely served written notice of acceptance eight business days after service of the offer of judgment. See Fed.R.Civ.P. 6(a). And plaintiff attached the offer of judgment to his notice of acceptance, along with proof of service. **Rule 68(a) therefore directs that judgment**

> **enter according to the offer of judgment. Consequently, defendants' motion to dismiss is unfounded.** … While it is true that plaintiff's acceptance removes the controversy between him and defendants, **under Rule 68, this case must end by entry of judgment, rather than by an order of dismissal.**

*Halpape v. TIAA-CREF Indiv. & Inst. Serv., LLC*, 2009 WL 2883389, at *1.[1]

Nearly identical, in this case Defendant requests that this Court dismiss the instant matter; an act not within the court's discretion. However, Defendant's Offer of Judgment is clear: "[Defendant] **hereby offers to allow judgment to be taken against it** in favor of Terri Coones…" (See Exhibit "A"). By the terms of Rule 68(a), judgment must be entered against defendant, in favor of Plaintiff. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F. 2d 291, 295 (6th Cir. 1989) (The district court retains no discretion under Rule 68 to alter the rule's sometimes severe application. Operation of Rule 68 is mandatory.")

### IV. PROMPT PAYMENT OF AN AGREED UPON AMOUNT DOES NOT ALLOW DEFENDANT TO ESCAPE ENTRY OF JUDGMENT.

On November 21, 2009 Defendant paid to Plaintiff the amount offered to Plaintiff through Defendant's Offer of Judgment specific to compensation for statutory damages incurred. Defendant has yet to compensate Plaintiff for

---

[1] In *Halpape v. TIAA-CREF Indiv. & Inst. Serv., LLC,* 2009 WL 2883389, (D. Colo. Sept. 3, 2009) the court first addressed the issue of whether the case became moot and could be dismissed after acceptance of a Rule 68 Offer of Judgment. Held, it could not be dismissed but rather, must be disposed of by entry of judgment. *Id.*, at *1. *Then* the court briefly turned to matters of applying this holding to a class action. *Id.* at *2. The court's initial holding was not contemplated in terms of class action, but rather as an independent and material issue, and then once it was decided, the court applied it in terms of a class action. Plaintiff does not attempt to apply the class action portion of the opinion to this case, but does cite the central holding that an accepted Rule 68 Offer of Judgment must result in judgment entered against Defendant.

reasonable attorneys' fees and costs incurred in prosecution of her claim. Defendant contends through its Motion for Entry of Order of Dismissal that because Defendant was prompt with payment of the underlying damage amount offered, that the judgment cannot be entered. Rule 68 allows no option for avoiding entry of the judgment. There is no "prompt payment" option affording defendants an opportunity to escape an offer to "allow judgment to be taken against [it]." *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F. 2d 291, 295 (6th Cir. 1989) (Acknowledging that plaintiffs will be less willing to settle if the plaintiff knows that the trial judge will have the power to modify the judgment to avoid the consequences of Rule 68, and stating that "where the rule operates, it leaves no room for district court discretion.")

Defendant attempts to add a convenient escape hatch to Rule 68(a), in contravention of the purpose of Rule 68. Rule 68 was created to facilitate settlement, which would be less likely if plaintiffs knew that the terms of an offer of judgment could be changed by the court, as the Defendants request here, from "entry of judgment against [Defendant] and in favor of [Plaintiff]" to entry of an order of dismissal. For purposes of illustration, if the judgment herein was a final judgment after trial, Defendant's position would permit avoidance of such judgment should Defendant tender payment on the judgment before the clerk was able to officially enter the judgment.

Nothing in Defendant's Offer of Judgment states that if Plaintiff received payment before the clerk performed its mandatory function of entering judgment, that the judgment would be converted into a dismissal. Nothing in Rule 68 allows this result. While Defendant should be commended on promptly paying the agreed amount, no defendant should be allowed to write its own additions to Rule 68, or reward itself by escaping judgment altogether.

**V.    RULE 41 DISMISSAL OF ACTIONS DOES NOT INCLUDE ACCEPTED OFFERS OF JUDGMENT.**

Federal Rule of Civil Procedure 41 governs dismissal of actions. There are certain situations in which dismissal may be granted under Rule 41: *voluntary* dismissal by the *plaintiff*, either by stipulation or by court order, without prejudice; or *involuntary* dismissal if the plaintiff *fails to prosecute*, which operates as adjudication on the merits. (F. Rules Civ. P. 41(a), (b)). Accepted Offers of Judgment (not called "Offers of Dismissal") do not fall under any of these categories, and are not intended to function as a dismissal, but as a judgment, apropos of the name.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion for Entry of Order of Dismissal, and enter judgment against Defendant in accord with Rule 68(a).

…

…

Plaintiff's Amended Response to Motion for Entry of Dismissal,
Motion for Entry of Judgment - 9

Respectfully submitted this 4th day of January, 2010.

s/Jon N. Robbins
Jon N. Robbins, WSBA# 28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Filed electronically on this 4th day of January, 2010, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system on this 4th day of January, 2010, to:

Mr. Jeffery I. Hasson, Esq.
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland OR 97230

s/Tremain Davis
Tremain Davis

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TERRI COONES**, | Case No. 2:09-cv-00275-LRS |
| Plaintiff, | **DECLARATION OF JON N. ROBBINS IN SUPPORT OF PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF ORDER OF DISMISSAL, AND MOTION FOR ENTRY OF JUDGMENT** |
| vs. | |
| **PROGRESSIVE FINANCIAL SERVICES, INC.**, | |
| Defendant. | |

I, Jon N. Robbins, declare and state:

1.   I am the attorney for Plaintiff in this matter.

2.   On September 1, 2009 I filed, on behalf of the Plaintiff, her two-count complaint against Defendant alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Washington Collection Agency Act ("WCAA") RCWA T.19 Ch. 19.16.

3.   On October 16, 2009 I received from Defendant an offer of judgment pursuant to Federal Rule of Civil Procedure 68, attached hereto as Exhibit "A."

4.   On October 21, 2009, I filed, on the behalf of Plaintiff, and served upon Defendant, her Acceptance of Offer of Judgment, attached hereto as Exhibit "B."

Declaration of Jon N Robbins in support of
Plaintiff's Amended Response to Motion for Entry of Dismissal,
Motion for Entry of Judgment - 11

5. On or about November 21, 2009, Defendant sent to my offices a check payable to Weisberg & Meyers, LLC on behalf of the Plaintiff, in the amount of $1,001.00, with a letter dated November 17, 2009, a copy of which is attached hereto as Exhibit "C."

6. As of the date of this filing, no judgment has been entered in this case pursuant to the Rule 68 Offer of Judgment.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: Jan. 4, 2010

WEISBERG & MEYERS, LLC

By: _____
Jon N. Robbins, WSBA# 28991
Attorney for Plaintiff

Declaration of Jon N Robbins in support of
Plaintiff's Amended Response to Motion for Entry of Dismissal,
Motion for Entry of Judgment - 12