UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TERRI COONES, | ) | |
| Plaintiff, | ) | NO. CV-09-0275-LRS |
| | ) | |
| v. | ) | ORDER RE PENDING MOTIONS |
| | ) | |
| PROGRESSIVE FINANCIAL SERVICE, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

On October 21, 2009, Plaintiff accepted Defendant's offer pursuant to Rule 68. On November 21, 2009, Plaintiff received from Defendant a check payable to Weisberg & Meyers, LLC in the amount of $1,001.00. Although offers have gone between the parties to settle the dispute over attorney's fees, the parties were unable to agree on Plaintiff Coones' reasonable costs and attorney's fees. Subsequently, the Court has yet to enter final judgment in this matter.

On December 23, 2009, the Court entered a "Memorandum and Order," Ct. Rec. 31, in which it ordered all pending motions be held in abeyance on the assumption that resolution of the remaining issues would go forward without further court intervention. The parties were directed to submit a status report advising of the status of the case by January 11, 2010. The parties submitted a Status Report on January 7, 2010 in which they

ORDER - 1

1  advised that they had been unable to resolve the issue of
2  attorney's fees and costs and that defendant's pending Motion for
3  Dismissal (Ct. Rec. 18) and Motion to Strike (Ct. Rec. 26)
4  remained for determination by the Court.

5       **A.    Motion For Entry of Dismissal**

6       Defendant moves for entry of dismissal in accordance with the
7  Accepted Offer of Judgment.  Defendant argues that since the
8  amount offered has been paid, except for attorney's fees and
9  costs, and the offer calls for dismissal, that this Court should
10 enter an order dismissing the case <u>subject</u> to a Motion for Fees
11 and Costs by the Plaintiff. Further Defendant asserts, a judgment
12 against it cannot be entered since Defendant has paid the mount
13 offered except for the undetermined fees and costs.

14      Plaintiff responds that the language in Defendant's offer of
15 judgment offers to allow judgment to be taken against it on
16 specific terms.  Plaintiff argues that the plain language of Fed.
17 R. Civ. P. Rule 68(a) requires entry of judgment against
18 Defendant, not dismissal.  Prompt payment of an agreed upon amount
19 does not allow Defendant to escape entry of judgment.
20 Additionally, Plaintiff states, Rule 41 dismissal of actions does
21 not include accepted offers of judgment.  Thus, Plaintiff
22 concludes, the clerk <u>must</u> enter judgment, not a simple dismissal.
23 Plaintiff requests that the court deny Defendant's motion for
24 entry of order of dismissal and enter judgment against Defendant
25 in accordance with Rule 68(a).

26      The Court finds that a judgment is appropriate in this case
27 and under the relevant rules rather than a dismissal.  Because the
28 parties are unable to agree, the Court shall entertain a motion to

ORDER - 2

determine reasonable fees and costs, as contemplated by Defendant's offer of judgment, which was entered into by the parties on October 21, 2009.

**B.    Motion to Strike Plaintiff's Motion For Entry of Dismissal**

Defendant moves to strike Plaintiff's response to Defendant's motion for entry of order of dismissal.  Defendant states such response is not supported by declaration, contains inadmissible settlement discussions, and does not comply with the Court's direction from the pretrial conference to file a proposed order. The Court has considered Plaintiff's response and therefore denies this motion.

**IT IS HEREBY ORDERED:**

1.    Defendant's Motion For Entry of Order of Dismissal, **Ct. Rec. 18,** is **DENIED.**

2.    Defendant's Motion To Strike Plaintiff's Response to Defendant's Motion For Entry of Order of Dismissal, **Ct. Rec. 26,** is **DENIED.**

3.    Plaintiff's Motion to Quash, **Ct. Rec. 11,** is **DENIED as MOOT.**

4.    Defendant'S Motion to Compel, **Ct. Rec. 14,** is **DENIED as MOOT.**

3.    The parties shall file a joint motion for the determination of attorney's fees and costs on or before **February 15, 2010.**  Each party shall file its own memorandum setting forth its position on the amount for Plaintiff's reasonable attorney's fees and costs, and attach its own proposed judgment.  Responsive memorandum shall be due on or before **February 26, 2010.**  No reply

ORDER - 3

memoranda will be considered.  Said motion will be deemed under advisement on **February 26, 2010** and a judgment shall be entered thereafter by the clerk.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

    **DATED** this 2nd day of February, 2010.

                                        s/Lonny R. Suko
                                _____
                                        LONNY R. SUKO
                                Chief U.S. District Court Judge

ORDER – 4