UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRI COONES, | ) |
| | ) NO. CV-09-0275-LRS |
| Plaintiff, | ) |
| | ) ORDER RE ATTORNEY FEES' AND |
| v. | ) COSTS |
| | ) |
| PROGRESSIVE FINANCIAL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

THIS MATTER comes before the Court on the parties' joint motion for the determination of attorney fees and costs. On February 2, 2010, pursuant to the Court's Order Re: Pending Motions (Ct. Rec. 35), the court ordered the parties to file a joint motion based on their inability to settle the dispute over attorney fees under the accepted offer of judgment of October 21, 2009. The parties have submitted briefs in support of their respective positions on this matter. Plaintiff is represented by Jon N. Robbins. Defendant is represented by Jeffrey I. Hasson.

**I.  Reasonable Attorneys' Fees**

Plaintiff requests $2,450 in attorney fees for a settled dispute that she recovered $1,001 under the an accepted offer of judgment on November 21, 2009 pursuant to Federal Rules of Civil Procedure Rule 68. Defendant has objected to the amount of attorney fees requested by Plaintiff as unreasonable and

ORDER - 1

excessive. Defendant submitted a declaration of Barbara Hoerner (Ct. Rec. 39) in support of its position re: determination of attorney fees. Ms. Hoerner, who indicates she is familiar with rates typically requested in these types of cases, states that the hourly rates of $175 per hour for Mr. Robbins and $80 per hour for the paralegals are reasonable rates. Ms. Hoerner further states that the rates of $250 per hour for attorney Robbins or $120 per hour for paralegals would be outside the general range awarded on a case of this type. Fees incurred by the defendant and hourly rate charged have not been disclosed.

The Court has an independent duty to assess the reasonableness of any award of fees. Once the Court has established that fees should be awarded, a single standard governs how the Court arrives at a reasonable fee award. Blum v. Stenson, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (holding that the amount of fees awarded in a civil rights case is "governed by the same standards which prevail in other types of equally complex Federal litigation"). The initial determination of a reasonable amount of attorneys' fees is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The party seeking fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. After the reasonable number of hours expended is established, the Court must determine a "reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." Chalmers, 796 F.2d

ORDER - 2

at 1210. The "lodestar" amount, the reasonable hours multiplied by the reasonable hourly rate, is only a "starting point," however. Hensley, 461 at 433; Benton v. Oregon Student Assistance Comm'n, 421 F.3d 901, 904 (9th Cir. 2005). In Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1976), the Ninth Circuit adopted the twelve-factor test found in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to guide determining both the number of hours reasonably spent and a reasonable hourly rate. Chalmers, 796 F.2d at 1211. The twelve factors are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Not all Kerr factors must be separately analyzed, as long as the Court discusses the factors most germane to the particular case and explains how it reached the fee awarded. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988) (citing Kesslerv. Associates Fin. Servs. Co. of Hawaii, Inc., 639 F.2d 498, 500 (9th Cir. 1981)). The Kerr factors may also justify increasing or decreasing the "lodestar" amount. Benton, 421 F.3d at 904. However, in Hensley, the Court noted that most of these factors are "subsumed within the initial calculation of reasonable hours

ORDER - 3

expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." Chalmers, 796 F.2d at 1212 (citing Hensley, 461 U.S. at 434 n. 9). Thus, because the initial lodestar amount is presumptively reasonable, Blum, 465 U.S. at 897, particular justification is required where the Court finds "exceptional circumstance[s]" warranting adjustment of the lodestar either up or down, Quesada, 850 F.2d at 539.

## II.  Hours Reasonably Expended/Reasonable Hourly Rate

Plaintiff has requested compensation for a total of 21.2 hours of attorney time ranging from $175/hour to $265.00/hour. (Ct. Rec. 41). The allegations in this case were direct and did not involve novel or difficult legal issues.

A reasonable attorney fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel." Venegas v. Mitchell, 495 U.S. 82, 86, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990); Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). The Court finds that attorney fees of **$1,050**, based on the statement of services found in Ct. Rec. 41-8, are reasonable based in local legal community as a whole.

Although counsel have focused on the hourly rate which should be used in formulating a fair fee-the Court notes that this factor, by itself, does not provide an accurate foolproof method of determining a fair fee. Issues inherent in the current debate include the question of whether all hours spent on the fee debate should be counted, particularly if a significant portion of the time spent occurred <u>after</u> Plaintiff received a fair offer; <u>and</u>

ORDER - 4

1  whether the hours utilized to obtain a favorable result for
2  Plaintiff are reasonable or accurate.  On the other hand, the
3  defendant's duty to pay should not be strictly limited to
4  Plaintiff's contracted for arrangement with her counsel.
5      Given these circumstances and the lack of precision in the
6  data available to the Court, the undersigned judicial officer
7  declines to adopt a specific hourly rate.  Likewise, the Court
8  cannot make an accurate determination of the precise number of
9  hours which should be considered.  Accordingly, the figures
10 arrived at herein are based on the totality of the circumstances
11 and the actual result obtained in bringing this matter to a close.

**III. Costs**

13 Defendant has not objected to any particular costs requested
14 by Plaintiff.  The costs are for a $350.00 filing fee and a
15 process server fee of $65.00, for a total of **$415.00.**

**IV. Conclusion**

17 Having reviewed all papers filed in support of the motion, as
18 well as all papers filed in opposition to the motion, and for the
19 reasons explained above, **IT IS HEREBY ORDERED:**
20     1.  Plaintiff's Motion for Attorney Fees, **Ct. Rec. 41**, is
21 **GRANTED IN PART AND DENIED IN PART.**  The parties Joint Motion for
22 Attorney Fees, **Ct. Rec. 36**, is **GRANTED IN PART AND DENIED IN PART.**
23     2.  Plaintiff is entitled to reasonable attorneys' fees in
24 the amount of **$1050.00.**
25     3.  Plaintiff is entitled to costs in the amount of **$415.00.**
26     4. An order directing the clerk to enter judgment based on
27 this order will be entered separately hereafter.
28 ///

ORDER - 5

1 | **IT IS SO ORDERED.** The District Court Executive is directed
2 | to enter this order and to provide copies to counsel.
3 | **DATED** this 8th day of March, 2010.

```
                                        s/Lonny R. Suko
                              _____
                                        LONNY R. SUKO
                              Chief U.S. District Court Judge
```

ORDER - 6